ON PETITION
ORDER
PER CURIAM.
This 19 U.S.C. § 1337 case comes before us for a second time. On the first appeal, we reversed an order of the International Trade Commission finding infringement and remanded the matter for additional proceedings. InterDigital Commcn’s, LLC v. Int’l Trade Comm’n, 690 F.3d 1318, 1330 (Fed.Cir.2012). On remand, the Commission determined that petitioners had waived any argument that the scrambling codes in their accused systems are not transmitted as required by the patent claims in the underlying investigation. Asserting that the decision on remand unlawfully deviates from our mandate, petitioners seek a writ of mandamus to compel the Commission to address their non-infringement argument.
Although mandamus is an available ren> edy to enforce compliance with a prior mandate, see Will v. United States, 389 U.S. 90, 95-96, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967), nothing in our prior decision compelled the Commission to address the petitioners’ non-infringement contention. The language cited by petitioners in the original opinion simply explained that, as to an issue they sought to raise as an alternative ground for affirmance, that issue could not be addressed by this court, as it was not the rationale of the agency’s decision on appeal. We explained that petitioners were free to raise the issue, if they chose to do so, on remand. But that did not suggest, and did not mandate, that the Commission could not consider whether the issue had been preserved for review. To the extent that petitioners seek to challenge the merits of the Commission’s waiver determination, those arguments can be raised on appeal after judgment.
Accordingly,
It IS ORDERED THAT:
The petition for a writ of mandamus is denied.